THOMAS ROUNTREE *v.* JOHN W. LEWIS.

**Right to Easements.**

> Where a spring located on or near the dividing line between two landowners has been for a long period of time recognized as a partnership spring, and verbal assurances have been made by each immediate vendor to his vendee that the spring was a partnership spring, and that the owners of both tracts were entitled to use the water, they each have a right to its use; and if the correct boundary line disclosed that it is located on one side of the line, the owner of the tract on the other side has an easement in the use of the spring that he can not be deprived of without his consent.

OPINION BY JUDGE HARGIS:

APPEAL FROM EDMONSON CIRCUIT COURT.

February 23, 1881.

By the accumulation of mud and sand in the spring the location of the water has been changed a few feet from its position when

the land was sold by Owens to Spearman and Parrish and Hamilton. All that is needed to bring the water back to its proper and natural locality is to clean out the spring. But the appellant fenced it up, and claims that he is entitled to its exclusive ownership and use, because, first, the water is upon his land; second, its use by appellee has been merely permissive; and, third, the spring issues a flush branch from which the appellee can obtain water equal in temperature and purity to that of the fountain itself.

While the mud and sand have somewhat altered the locality of the water, and the evidence tends to locate the spring on the appellant's side of the line, the deed from Owens to Hamilton and from the latter to Tarter show a deflection in the line so as to include on appellee's side of it a part of the water, which all the owners of both parcels of the original tract on which the single spring is situated, down to the appellant, have used in common. They, without exception, concur in the statement that it was used and recognized as a partnership spring, that verbal assurances were made by each intermediate vendor to his vendee that the spring was a partnership spring, and that the owners of both tracts were entitled to the use of the water; and such use was conceded to exist as a matter of right.

The appellant's vendor testifies that he told him, before he closed the trade with him, that only one-half of the spring belonged to the place, and that the appellant knew when he bought the land of him that he was only to get one-half of the spring. The appellee seems to have used the water from the spring as a matter of right, which was not forbidden nor denied until he and appellant had fallen out, and for the first time the latter enclosed it.

Although there is a flush branch running from the spring, and it may be as good water as that afforded by the spring, still the evidence tends to show that it was befouled by some one placing impure matter on appellant's side of the line and near the spring, and such practices would destroy appellee's use of the branch, which only flows for some thirty yards from the spring before it finally disappears and sinks into the earth.

The judgment does not alter the line nor take from appellant his ownership of the land upon which the spring seems now to be situated. It simply secures appellee in a reasonable enjoyment of the use of the water issuing from the spring, to be taken from the fountain head. We think the right to the use of the water accom-

panied the occupancy of the land and was properly enforced by the chancellor.

Wherefore the judgment is *affirmed*.

*B. F. Edwards,* for appellant.

*W. E. Settle, T. B. McIntyre,* for appellee.